Reversed and Rendered and Memorandum Opinion filed March 24, 2011.

 

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00968-CV

___________________

 

Texas Department of Transportation,
Appellant

 

V.

 

Debra C. Bowen and John D. Bowen,
Appellees



 



 

On
Appeal from the 55th District Court

Harris County,
Texas



Trial Court Cause No. 2007-48890

 



 

 

MEMORANDUM OPINION

            Appellant, Texas Department of Transportation
(“TxDOT”), appeals from a judgment in favor of appellees, Debra C. Bowen (“Debra”)
and John D. Bowen (“John”), for damages appellees allegedly sustained as a
result of a motorcycle accident involving Debra.  Because we conclude appellant
did not owe Debra a duty to warn, we reverse the judgment of the trial court
and render judgment that appellees take nothing on their claims against TxDOT.

Factual and Procedural Background

            Appellees
were recreational motorcycle riders.  Appellees would normally ride their
motorcycles only on Sundays when the weather was good.  Their trips would last
from thirty minutes to about an hour and would usually involve travelling along
a thirty to forty mile circuit from their home in the Mission Bend area of
western Harris County, Texas.

Appellees’ home was
located a short distance west of the intersection of State Highway 6 (“SH 6”)
and Beechnut Street.  As the name implies, SH 6 is maintained by appellant. 
Beechnut is a Harris County road.  SH 6 is an asphalt-surfaced, multi-lane road
running north and south.  Beechnut is a divided, four-lane concrete road that
runs east to west.  In addition, SH 6 is elevated several feet above the level
of Beechnut resulting in a sharp downward incline where SH 6 connects to
Beechnut on the west side of the intersection.  Finally, where the asphalt
surface of SH 6 meets the concrete of Beechnut, an indentation followed by a
bump had developed.  This condition extended across the entire width of the two
westbound lanes of Beechnut.  According to the trial testimony, the bump is
between three to ten inches high.  The evidence at trial also revealed that
these features had been in existence for many years and had been reported to
TxDOT on many occasions.

During trial, Debra
testified regarding her knowledge of the intersection of SH 6 and Beechnut. 
While Debra denied previously making a left turn from northbound SH 6 onto
westbound Beechnut while driving her motorcycle, she admitted that on numerous
occasions she had been a passenger in vehicles that made the turn.  Debra also
admitted that she avoided driving her sports car west on Beechnut from SH 6
because of the incline.  Debra further testified that when driving west on
Beechnut, she would avoid the right lane and use the left lane because the
incline was less severe in the left lane.  In response to a question about her
knowledge of the indentation and bump at the end of the incline, Debra
responded: “it wasn’t a conscious recognition.  I guess I was subconsciously
aware there was a problem there.”  Later in her testimony, Debra testified:
“when I think about it now, I can -- I can remember that there was, you know, a
hill and a little bump.  But I don’t think I was paying that much attention to
it then.  It’s not something you think about when you’re driving.”  Finally,
she admitted “I should have been cautious, but at that time of the accident, I
was – I was probably not.”   

On August 21, 2005,
appellees were returning home on one of their motorcycle rides.  Appellees were
riding northbound on SH 6.  As they travelled, John was in the lead while Debra
followed within a short distance.  As appellees initially approached the
intersection of SH 6 and Beechnut, the left turn traffic signal was red, and
they began to slow down.  However, as appellees came close to the intersection,
the light changed from red to green and they did not completely stop.  Instead,
John continued into the intersection and completed his turn into the left lane
of westbound Beechnut.  Debra followed her husband into the intersection, but
she turned into the right lane of Beechnut.  As she did so, Debra’s motorcycle
hit the bump where the asphalt surface of SH 6 connects to the concrete surface
of Beechnut.  Debra lost control of her motorcycle which veered right, hit and then
jumped over the concrete curb.  Debra’s motorcycle then ran into a metal fence
alongside of Beechnut.  Debra and her motorcycle then bounced against the fence
for some distance before ultimately colliding with a light pole.  As a result
of the crash, Debra experienced severe injuries and was taken by helicopter to
the hospital.

Appellees eventually
filed suit against TxDOT.  Appellees alleged that TxDOT was negligent in
creating a dangerous condition of real property by failing to (1) inspect the
roadway; (2) properly maintain the roadway and make it safe for motorcycle
operation; (3) repair the dangerous condition of the roadway; and (4) warn the
public of the dangerous roadway condition.  According to appellees, these
failures by TxDOT proximately caused Debra’s motorcycle accident and her injuries. 
Debra sought to recover: (1) the cost of her medical expenses, (2) for her
physical impairment; (3) for her lost earning capacity; and (4) for the pain
and mental anguish she experienced as a result of the motorcycle accident.  In
addition, John alleged he was entitled to recover for loss of consortium and
household services, as well as bystander trauma.  Following a bench trial, a
judgment was entered in favor of appellees.  The judgment awarded appellees a
total judgment of $423,630.13.[1] 
The trial court also issued findings of fact and conclusions of law, including
the finding that “Debra C. Bowen did not perceive the dangerous condition of
the heaped-up asphalt.”  This appeal followed.

Discussion

            In
a single issue, TxDOT contends the judgment must be reversed because the evidence
is legally or factually insufficient to support the trial court’s finding that
Debra did not have actual knowledge of the alleged dangerous condition.

I.         The Standard of
Review

            Findings
of fact in a bench trial have the same force and dignity as a jury’s verdict
upon jury questions.  City of Clute v. City of Lake Jackson, 559 S.W.2d
391, 395 (Tex. App.—Houston [14th Dist.] 1977, writ ref’d n.r.e.).  A trial
court’s findings are reviewable for legal and factual sufficiency of the
evidence by the same standards that are applied in reviewing evidence
supporting a jury’s answer.  Catalina v. Bladsdel, 881 S.W.2d 295, 297
(Tex. 1994).

When both legal and
factual sufficiency challenges are raised on appeal, we must first examine the
legal sufficiency of the evidence.  City of Houston v. Cotton, 171
S.W.3d 541, 546 (Tex. App.—Houston [14th Dist.] 2005, pet. denied).  If an
appellant attacks the legal sufficiency of an adverse finding on an issue on
which it did not have the burden of proof, the appellant must demonstrate on
appeal there is no evidence to support the adverse finding.  Price Pfister,
Inc. v. Moore & Kimmey, Inc., 48 S.W.3d 341, 347 (Tex. App.—Houston
[14th Dist.] 2001, pet. denied).  In conducting a legal sufficiency review, we
must consider the evidence in the light most favorable to the appealed order
and indulge every reasonable inference that supports it.  2900 Smith,
Limited v. Constellation NewEnergy, Inc., 301 S.W.3d 741, 745 (Tex.
App.—Houston [14th Dist.] 2009, no pet.) (citing City of Keller v. Wilson,
168 S.W.3d 802, 821–22 (Tex. 2005)).  The evidence is legally sufficient if it
would enable reasonable and fair-minded people to reach the decision under
review.  Id.  This court must credit favorable evidence if a reasonable
trier of fact could, and disregard contrary evidence unless a reasonable trier
of fact could not.  Id.  The trier of fact is the sole judge of the
witnesses’ credibility and the weight to be given their testimony.  Id.

This court may sustain a
legal sufficiency, or no evidence, point only if the record reveals one of the
following: (1) the complete absence of a vital fact; (2) the court is barred by
rules of law or evidence from giving weight to the only evidence offered to
prove a vital fact; (3) the evidence offered to prove a vital fact is no more
than a scintilla; or (4) the evidence established conclusively the opposite of
the vital fact.  Id. at 745–46.

In reviewing factual
sufficiency, we must examine the entire record, considering both the evidence
in favor of, and contrary to, the challenged findings.  Id. at 746.  We
may set aside the verdict for factual sufficiency only if it is so contrary to
the overwhelming weight of the evidence as to be clearly wrong and unjust.  Id. 
We may not pass upon the witnesses’ credibility or substitute our judgment for
that of the jury, even if the evidence would support a different result.  Id. 
If we determine the evidence is factually insufficient, we must detail the
evidence relevant to the issue and state in what regard the contrary evidence
greatly outweighs the evidence in support of the verdict; we need not do so
when affirming a jury’s verdict.  Id. 

II.        The evidence is
legally insufficient to establish that Debra Bowen did not have actual
knowledge of the dangerous condition on the roadway.

TxDOT enjoys immunity
from suit and liability and waives immunity only if liability arises under the
Texas Tort Claims Act.  Tex. Civ. Prac. & Rem. Code Ann. § 101.025 (West
Supp. 2009).  The Tort Claims Act provides that TxDOT is liable for “personal
injury and death so caused by a condition or use of tangible personal or real
property if the governmental unit would, were it a private person, be liable to
the claimant according to Texas law.”  Id. at § 101.021(2).  Thus,
section 101.021(2) of the Texas Tort Claims Act waives immunity for viable
claims arising from premises defects on State property.  Id. at
§§101.021(2), 101.022; Texas Dep’t of Transp. v. Able, 35 S.W.3d 608,
611 (Tex. 2000); see State Dep’t of Highways and Public Transp. v. Payne,
838 S.W.2d 235, 236–37 (Tex. 1992).

TxDOT owes the public
the limited duty normally owed to a licensee in premises defect cases.  Tex.
Civ. Prac. & Rem. Code Ann. § 101.022; Payne, 838 S.W.2d 235, 237. 
Specifically, the landowner or licensor owes a duty to not injure a licensee
“by willfull, wanton or gross negligence…. An exception to the general rule is
that when the licensor has knowledge of a dangerous condition, and the licensee
does not, a duty is owed on the part of the licensor to either warn the
licensee or to make the condition reasonably safe.”  Wal-Mart Stores, Inc.
v. Miller, 102 S.W.3d 706, 709 (Tex. 2003) (per curiam) (quoting State
v. Tennison, 706, 709 (Tex. 1974)).  A licensee is owed no duty if the
dangerous condition is perceptible to the licensee or “can be inferred from
facts within his present or past knowledge.”  Id. (quoting Lower
Neches Valley Auth. v. Murphy, 536 S.W.2d 561, 564 (Tex. 1976)). 
Therefore, in order to impose liability against a state entity such as TxDOT
for a dangerous premises condition, a licensee must prove, among other things,
that she did not actually know about the dangerous condition.[2]  Id.  In
addition, if the licensee has the same knowledge about the dangerous condition
as the licensor, then no duty to the licensee exists.  Id.  Therefore, our
analysis includes a determination of whether Debra knew of the dangerous
condition because she perceived it at or near the time of the incident or
because she could infer it from facts within her present or past knowledge.  See
id.

We conclude the evidence
that Debra: (1) had repeatedly travelled through the intersection both as a
driver and a passenger; (2) avoided driving her sports car west on Beechnut
from SH 6 because of the sharp incline; (3) would avoid the right lane and use
the left lane when driving west on Beechnut; (4) was subconsciously aware there
was a problem at the base of the incline; and (5) knew there was a hill and a
little bump at the base of the incline when travelling west on Beechnut from SH
6 conclusively establishes that the dangerous condition of SH 6 at the intersection
with Beechnut was known to Debra or could have been inferred by her from her
then present or past knowledge.  Because the evidence conclusively establishes
that Debra knew about the dangerous condition, we hold TxDOT had no duty to
warn or make the condition reasonably safe.  Therefore, we sustain TxDOT’s issue
on appeal as it applies to Debra’s premises liability cause of action, reverse
the judgment in her favor and render judgment that she take nothing against
TxDOT.[3]

We turn now to John’s
bystander claim.  Although bystander claims are considered independent and not
derivative, it is also true that a bystander plaintiff cannot recover unless
the physically injured person, in this case Debra, can recover.  American
Ind. Life Ins. Co. v. Ruvalcaba, 64 S.W.3d 126, 144 (Tex. App.—Houston
[14th Dist.] 2001, pet. denied) (citing Estate of Barrera v. Rosamond Vill.
Ltd. P’ship, 983 S.W.2d 795, 799–800 (Tex. App.—Houston [14th Dist.] 1998,
no pet.)).  Because we have determined that Debra cannot recover from TxDOT,
John’s bystander claim fails as well.  Id.  Therefore, we sustain
TxDOT’s issue on appeal as it applies to John’s bystander claim, reverse the
judgment in his favor and render judgment that he take nothing against TxDOT.

Conclusion

            Having determined
that the evidence is legally insufficient to establish an element of Debra’s claim
against TxDOT and that John’s bystander claim fails because Debra cannot
recover, we reverse the judgment of the trial court and render judgment that
appellees, Debra C. Bowen and John D. Bowen, take nothing in their claims
against TxDOT.   

 

                                                                                    

                                                                        /s/        John
S. Anderson

                                                                                    Justice

 

 

 

Panel consists of Justices
Anderson, Frost, and Seymore.

 









[1] The judgment amount was
divided as follows: (1) Debra was awarded $250,000.00, which was divided so
that she received $234,273.97 and John received $15,726.03 for loss of
consortium; (2) John was awarded $150,000.00 in bystander damages; and (3)
prejudgment interest of $23,630.13.





[2] To recover as a licensee,
Debra was required to prove that (1) the condition of the intersection of SH 6
and Beechnut posed an unreasonable risk of harm; (2) TxDOT had actual knowledge
of the danger; (3) she did not have actual knowledge of the danger; and (4)
TxDOT failed to exercise ordinary care to protect her from the danger both by
failing to warn her of the condition and by failing to make the dangerous
condition reasonably safe; and (5) TxDOT’s failure proximately caused her
injury.  See State v. Williams, 940 S.W.2d 583, 584 (Tex. 1996).  





[3] Because John’s loss-of-consortium
claim is derivative of Debra’s premises liability claim, the fact we sustain
TxDOT’s first issue on appeal also eliminates John’s derivative loss of consortium
claim.