**Affirmed in Part, Reversed and Rendered in Part, and Reversed and Remanded in Part and Memorandum Opinion filed February 24, 2015.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-13-00722-CV

---

## CHRISTINE ADIUKU, KATE OPARA, CARAMELA NZENWA, AND ANGELA ALIMOLE, Appellants

### V.

## KELECHI IKEMENEFUNA, CHINYERE AGONSI, BEATRICE OPARAJI, ANN EBERE, KELECHI OGUN, MARIA ARRIRIGUZO, CHINYERE AGIM, AND VIRGINIA AKUCHIE ON BEHALF OF ADA MBAISE ASSOCIATION OF HOUSTON, Appellees

---

**On Appeal from the County Civil Court at Law No. 4
Harris County, Texas
Trial Court Cause No. 1012911**

---

## M E M O R A N D U M   O P I N I O N

This appeal arises out of a dispute among members of ADA Mbaise Association of Houston, a non-profit association (the Association), regarding the results of an officer election and the actions that followed. Appellees Kelechi

Ikemefuna, Chinyere Agonsi, Beatrice Oparaji, Anne Ebere, Kelehi Ogu, Maria Arririguzo, Chinyere Agim, and Virginia Akuchie (collectively "plaintiffs") sued appellants Christine Adiuku, Kate Opara, Carmela Nzenwa, and Angela Alimole (collectively "defendants"). Asserting that they were the new officers of the Association and were suing on its behalf, plaintiffs alleged that defendants had breached fiduciary duties owed to the Association, converted the Association's funds, committed fraud against the Association, and violated both the Texas Business Organizations Code and the Texas Administrative Code by forming a corporation with a name deceptively similar to that of the Association. Plaintiffs also sought a declaratory judgment and their attorney's fees.

Plaintiffs moved for summary judgment on all of their causes of action. The trial court granted partial summary judgment on three of them: breach of fiduciary duty, conversion, and the statutory violation regarding use of a deceptively similar name. The trial court then conducted a bench trial on plaintiffs' two remaining causes of action. At the conclusion of the bench trial, the court signed a final judgment awarding plaintiffs $26,600 in actual damages and $5,000 in attorney's fees.

In multiple issues, defendants challenge the partial summary judgment as well as the final judgment. We hold plaintiffs failed to prove their breach of fiduciary duty, conversion, and statutory violation causes of action as a matter of law and were therefore not entitled to summary judgment on those claims. We therefore reverse the trial court's partial summary judgment regarding liability and damages and remand plaintiffs' breach of fiduciary duty, conversion, and statutory violation causes of action to the trial court for further proceedings in accordance with this opinion. We overrule defendants' issue challenging the declaratory judgment, however, because sufficient evidence supports the trial court's implied

declaration. We further hold that the evidence is legally insufficient to support both the trial court's determination that defendants committed fraud by non-disclosure and the award of plaintiffs' attorney's fees. We therefore reverse that part of the trial court's final judgment and render a take-nothing judgment on plaintiffs' claim of fraud by nondisclosure and request for attorney's fees.

## BACKGROUND

The Association is an unincorporated non-profit charitable organization operating under an assumed name certificate filed in Harris County. The record indicates two factions developed among the membership. Adiuku, the Association's president at the time, called for an officer election to take place on November 20, 2011. Adiuku and Ikemefuna were the opposing presidential candidates. Disturbances erupted during the election and the police were called to the meeting. The results of the November 20 election are disputed. Defendants claim the election was cancelled as a result of the disruptions and another election, which they claim Adiuku won, was called in February 2012. Plaintiffs, on the other hand, claim the voting was completed on November 20 but the ballots could not be counted that day as a result of the meeting disruptions. They go on to assert that a special meeting was called a week later, during which the ballots were counted and Ikemefuna won the presidential position.

This litigation arose out of the election dispute. Plaintiffs allege that defendants breached fiduciary duties they owed to the Association when they withdrew money from the Association's bank account after the election and without authorization. Plaintiffs also alleged that defendants converted the Association's money when they made the allegedly unauthorized withdrawal. They also alleged that defendants committed fraud by non-disclosure when they withdrew the Association's funds. Finally, plaintiffs asserted that defendants

3

violated section 79.39 of the Texas Administrative Code and section 5.053 of the Texas Business Organizations Code by forming a corporation named Original ADA Mbaise, Inc., after the election.[1] *See* Tex. Admin. Code Ann. § 79.39 (West, Westlaw through 2014); Tex. Bus. Orgs. Code Ann. § 5.053 (West 2012). According to plaintiffs, defendants violated these statutes because the new corporation's name is deceptively similar to that of the Association.

## A.    The partial summary judgment

During the course of the litigation, plaintiffs sought discovery from defendants. Believing defendants' discovery responses were inadequate, plaintiffs filed a motion to compel, which the trial court granted. Defendants supplemented their discovery responses in March 2013. Soon thereafter, plaintiffs filed a traditional motion for summary judgment asserting they were entitled to judgment as a matter of law on all of their causes of action. Plaintiffs based their motion in part on the trial court's granting of their motion to compel and their allegation that defendants failed to provide any of the documents required by the trial court's discovery order. Plaintiffs also attached the following items to their motion: (1) defendants' answer to the lawsuit; (2) the trial court's order granting plaintiffs' motion to compel discovery responses; (3) two JP Morgan/Chase Bank withdrawal slips totaling $25,600;[2] (4) a Franchise Tax Certification of Account Status for

---

[1] We will refer to plaintiffs' complaints regarding defendants' use of a deceptively similar name as the statutory violation claim or cause of action.

[2] The withdrawal slips contain the following identification information: the customer's name, Christine Adiuku, and an account number. Appellees did not submit any summary judgment evidence tying the account number on the withdrawal slips to the Association. The first withdrawal slip withdrew $22,000 from the account. The slip also states: "If Purchasing a Cashier's Check Provide Payee Name" with Ada Mbaise Association handwritten on the slip. The first withdrawal slip was signed by Christine Adiuku. The second withdrawal slip withdrew $3,600 from the same account, identified Adiuku as the customer, and was signed by Adiuku. Unlike the first withdrawal slip, it does not identify a payee.

4

Original ADA Mbaise, Inc.; (5) a printout of a Texas Secretary of State Business Organization Inquiry for Original ADA Mbaise, Inc.; (6) a Franchise Tax Certification of Account Status for the Association; (7) defendants' discovery responses, including minutes from meetings of the Association and copies of various JPMorgan Chase Bank, N.A. deposit and withdrawal receipts for at least two different accounts;[3] (8) an Association meeting agenda for the November 20, 2011 meeting; (9) a December 13, 2011 letter from Ikemefuna to Adiuku notifying her that she had lost the officer election and asking Adiuku to turn over all Association property; (10) a February 2, 2012 letter from Ikemefuna to Adiuku asking Adiuku to stop representing herself as an officer of the Association and notifying her that she was not authorized to use the funds she withdrew from the Association's Chase account; and (11) what appears to be a printout from the website of the Harris County Clerk reflecting the Association's assumed name filing. Plaintiffs did not attach an affidavit or any deposition testimony to their motion for summary judgment.

Defendants filed a response to plaintiffs' motion for summary judgment in which they presented a different version of the events at issue here. In addition to their discovery responses, defendants attached affidavits of Adiuku and Theresa Nduka to their response. Adiuku and Nduka explained that the November 20, 2011 election was cancelled as a result of disruptions. Adiuku explained that she called a second election in which she was re-elected as president. The affidavits also explained that Original ADA Mbaise, Inc. was incorporated as the successor to the Association and that the incorporation was the result of a decision previously made by the Association's membership. The affidavits also explained that Adiuku set up a bank account for the corporation at Bank of America and that the

---

[3] No account number is visible on the copy of one receipt, and the copies of the remaining receipts show only partial account numbers.

5

withdrawal of $25,600 from the Association's Chase account was done as a result of a decision by the members. Finally, both Adiuku and Nduka denied misuse of any of the Association's funds and instead asserted that all Association funds had been accounted for at the group's monthly meetings. Both affidavits also stated that the Association still operated both the Chase and Bank of America accounts.

The trial court granted summary judgment for plaintiffs on their breach of fiduciary duty, conversion, and statutory violation causes of action. It also granted summary judgment for plaintiffs on defendants' alleged affirmative defenses that (1) plaintiffs failed to state a cause of action; (2) plaintiffs lacked standing to bring the lawsuit; and (3) plaintiffs were not officers of the Association. The trial court also made the following finding in its partial summary judgment order:

> The Court finds that pursuant to [Rule 215 of the Texas Rules of Civil Procedure], Defendants failed to comply with discovery requests and orders that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order; that Defendants are prohibited from introducing designated matter and that a judgment by default should be rendered against Defendants.

The trial court's order did not designate any facts that were to be taken as established, nor did the order granting plaintiffs' motion to compel. In addition, the trial court did not prohibit defendants from introducing any evidence during the subsequent bench trial.

The trial court also granted plaintiffs summary judgment on the damages caused by defendants' breach of fiduciary duty, conversion, and statutory violation causes of action. The trial court awarded plaintiffs $25,600 as damages for both the breach of fiduciary duty cause of action and for the conversion claim. The trial court also awarded plaintiffs $1,000 as damages on their statutory violation cause

6

of action.

## B. The bench trial and judgment

The trial court then conducted a bench trial on plaintiffs' fraud by non-disclosure and declaratory judgment causes of action. Before trial began, the court expressly informed the parties that she would not revisit the granting of the partial summary judgment and the only issues to be resolved during the bench trial were plaintiffs' remaining claims for fraud by non-disclosure and for declaratory judgment.[4]

Four witnesses testified during the bench trial. Ikemefuna testified first. She testified that during the election meeting, Adiuku resigned her position as president of the Association prior to the start of the voting and a temporary officer was appointed to conduct the election. She then testified that as the election was being completed, Adiuku disrupted the meeting by attempting to grab the completed ballots. Ikemefuna testified that, despite this disruption, the voting was completed and she was elected president of the Association as a result of the vote.[5]

Plaintiff Virginia Akuchie testified next. Akuchie testified that she was present at the November 20, 2011 meeting, the election was completed that day

---

[4] During this same pre-trial conference, the trial court denied having assessed a "death penalty" sanction against defendants. Death penalty sanctions adjudicate a party's claim and preclude presentation of the merits of the party's case. *In re RH White Oak, L.L.C.*, 442 S.W.3d 492, 501 (Tex. App.—Houston [14th Dist.] 2014, orig. proceeding). They are normally assessed when a party's hindrance of the discovery process justifies a presumption that the party's claims lack merit. *Id.* While normally assessed through the striking of pleadings or rendering a default judgment, any sanction that is case determinative, such as excluding essential evidence, may be a death penalty sanction. *Id.* Because the trial court did not strike any of defendants' pleadings or exclude any evidence offered by defendants based on a discovery sanction, we agree with the trial court's statement from the bench. Because we conclude that the trial court did not assess a death penalty sanction against defendants, we need not reach any arguments raised by defendants that the trial court abused its discretion when it assessed death penalty sanctions against them.

[5] Ikemefuna testified that, as a result of Adiuku's disruptions, the Association had to call an emergency meeting a week later to complete the ballot counting.

7

despite disruptions, and that Ikemenefuna was elected president.

Defendant Carmela Nzebwa also testified during the bench trial. While she agreed there were disruptions during the election meeting, she testified that the election officer canceled the election as a result of the disruptions and no one was declared the winner of the election. She also testified that Adiuku sent out a letter to the membership for another election meeting to be held in February.

Adiuku also testified during the bench trial. She admitted that she resigned from the presidency during the November 2011 election meeting. She further testified that the election meeting was disrupted and the election officer canceled the election as a result. Adiuku then testified that she called a special Association meeting and was elected president at that meeting in February 2012.

Each witness's testimony also covered events occurring after the November election. Ikemefuna testified during the bench trial that the day after the election meeting, Adiuku withdrew $22,000 from the Association's Chase bank account. Akuchie similarly testified that after the November 20 election, Ikemenefuna went to the Association's bank and learned that someone had withdrawn the majority of the Association's money. A copy of the withdrawal slip was admitted into evidence and Adiuku's signature is the only signature on the withdrawal slip. Ikemefuna testified that the Association's rules and procedures required two signatures to withdraw money from the Association's account.[6] Ikemefuna further testified that Adiuku did not inform any other members of the Association's executive board that she had made the withdrawal, nor did she have the Association's authorization to make the $22,000 withdrawal.

---

[6] Plaintiffs offered no documentary evidence regarding the number of signatures required to withdraw money from the Association's Chase account pursuant to the terms of the account agreement with Chase.

8

Ikemefuna testified that Adiuku returned to Chase on November 23, 2011, when she withdrew $3,600 more from the Association's account. Adiuku's signature was the only signature on the November 23 withdrawal slip. Ikemefuna then testified that as a result of Adiuku withdrawing $25,600 of the Association's funds, the Association was unable to fund any of its mission activities.

Adiuku, during her trial testimony, admitted she withdrew the money from the Association's bank account after she had stepped down as president of the Association. Adiuku explained that closing the Association's bank account after each election was standard practice for the Association. Nzebwa testified that she was present when Adiuku withdrew the $25,600 from the Association's Chase bank account. Nzebwa asserted that under the Association's rules, two members had to be present to withdraw money from the Association's bank account but only one signature was required.

Adiuku also testified that she deposited the money into the Bank of America account of a corporation, Original ADA Mbaise, Inc., that was incorporated on November 22, 2011. Adiuku explained that the articles of incorporation for Original ADA Mbaise, Inc. had been sent to the Secretary of State's office prior to the November 2011 election but were not accepted until after the election.

After the bench trial, the trial court signed a final judgment in favor of plaintiffs. The final judgment incorporated the partial summary judgment and also found that plaintiffs had met their burden of proof on their fraud by non-disclosure cause of action and "grant[ed] the claim." The trial court also "granted" plaintiffs' declaratory judgment claim but did not include any declarations in the final judgment. As for damages, the trial court found "that as a result of Defendants' actions, Plaintiff has sustained actual damages to the amount of [$25,600]; and [$1,000] for registering an organization with a deceptively similar name to

9

Plaintiffs, as provided in the Partial Summary Judgment Order[.]" Finally, the trial court awarded plaintiffs $5,000 as their reasonable and necessary attorney's fees. This appeal followed.

## ANALYSIS

Defendants raise multiple issues on appeal, which we consolidate into four. The first issue challenges the trial court's partial summary judgment. The second challenges the sufficiency of the evidence supporting the trial court's determination in the final judgment that defendants committed fraud by nondisclosure. Defendants' third issue contends the evidence is insufficient to support the declaratory judgment. The fourth issue challenges the trial court's award of attorney's fees. We address defendants' issues in order.

## I. The trial court erred in granting partial summary judgment for plaintiffs.

Plaintiffs moved for traditional summary judgment on all of their causes of action. The trial court granted summary judgment on three: breach of fiduciary duty, conversion, and the statutory violation regarding use of a deceptively similar name. On appeal, defendants contend the trial court erred when it granted the partial summary judgment because plaintiffs did not prove all elements of those causes of action as a matter of law. We agree with defendants.

### A. Standard of review

We review the trial court's grant of summary judgment de novo. *Ferguson v. Bldg. Materials Corp. of Am.*, 295 S.W.3d 642, 644 (Tex. 2009) (per curiam) (citing *Tex. Mun. Power Agency v. Pub. Util. Comm'n of Tex.*, 253 S.W.2d 184, 192 (Tex. 2007)). We consider all of the evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if a reasonable factfinder could, and disregarding contrary evidence unless a reasonable factfinder

10

could not. *See Mack Trucks, Inc. v. Tamez,* 206 S.W.3d 572, 582 (Tex. 2006).

The movant for traditional summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). In particular, a plaintiff moving for summary judgment must conclusively prove all essential elements of its claim. *Cullins v. Foster*, 171 S.W.3d 521, 530 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (citing *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986)). The nonmovant has no burden to respond to a summary judgment motion unless the movant conclusively establishes each element of its causes of action as a matter of law. *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222–23 (Tex. 1999).

**B.  The trial court erred in granting summary judgment on conversion and breach of fiduciary duty because there is no summary judgment evidence that defendants' actions were unlawful or violated a fiduciary duty owed to the Association.**

Plaintiffs moved for summary judgment on their claim that defendants converted the Association's funds when Adiuku withdrew $25,600 from the Association's Chase bank account. To prove their conversion claim, plaintiffs had to produce summary judgment evidence establishing that (1) they owned or had legal possession of the property or entitlement to possession; (2) defendants unlawfully and without authorization assumed and exercised dominion and control over the property to the exclusion of, or inconsistent with, plaintiffs' rights as owners; (3) plaintiffs demanded return of the property; and (4) defendants refused to return the property. *Greater Houston German Shepherd Dog Rescue, Inc. v. Lira*, 447 S.W.3d 365, 372 (Tex. App.—Houston [14th Dist.] 2014, pet. filed).

Plaintiffs failed to meet their summary judgment burden to conclusively prove all elements of their conversion cause of action. Viewing the summary

11

judgment evidence summarized above in favor of defendants, we conclude plaintiffs failed to conclusively prove that Adiuku's withdrawal of the $25,600 was unlawful. Together, plaintiffs' documentary evidence and the Adiuku and Nduka affidavits show that there is a genuine issue of material fact regarding the plaintiffs' ownership and control of the Chase account, and therefore regarding the propriety of Adiuku's withdrawal of the funds from that account. *See Thu Binh Si Ho v. Saigon Nat'l Bank*, 438 S.W.3d 871, 874 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (reversing summary judgment after concluding that documents, without supporting affidavit testimony, were insufficient to conclusively establish elements of plaintiff's cause of action); *Okafor v. Anambria State Cmty.*, No. 01-12-00562-CV, 2013 WL 4680381, at *4–*5 (Tex. App.—Houston [1st Dist.] Aug. 29, 2013, no pet.) (mem. op.) (reversing summary judgment after determining that plaintiff failed to conclusively prove elements of conversion claim because there was a genuine issue of material fact concerning ownership and control of account and thus the propriety of the withdrawal from that account). Because plaintiffs' summary judgment evidence does not establish as a matter of law that Adiuku's withdrawal was unlawful, we hold the trial court erred when it granted summary judgment on that cause of action.

The result is the same when we turn to plaintiffs' breach of fiduciary duty cause of action. Plaintiffs based their allegations of breach of fiduciary duty on the same conduct underlying their conversion cause of action. To be entitled to summary judgment on their breach of fiduciary duty cause of action, plaintiffs had to prove conclusively the following elements: (1) a fiduciary relationship existed between the plaintiff and defendant; (2) the defendant breached its fiduciary duty; and (3) the breach resulted in injury to the plaintiff or benefit to the defendant. *Lundy v. Masson*, 260 S.W.3d 482, 501 (Tex. App.—Houston [14th Dist.] 2008,

pet. denied). Because the summary judgment evidence shows that there is a fact issue regarding ownership and control of the Chase account, we conclude plaintiffs failed to prove conclusively that Adiuku's withdrawal breached a fiduciary duty owed to the Association. *See Okafor*, 2013 WL 4680381, at \*6 (reversing summary judgment because plaintiff failed to conclusively prove defendant's withdrawal of funds breached a fiduciary duty). We therefore hold that the trial court erred when it granted summary judgment on appellees' breach of fiduciary duty cause of action.

On appeal, plaintiffs cite testimony introduced during the bench trial to support summary judgment on both their conversion and breach of fiduciary duty causes of action. Plaintiffs cannot rely on trial testimony to establish their entitlement to a pre-trial summary judgment, however. *See Blankinship v. Brown*, 399 S.W.3d 303, 309 (Tex. App.—Dallas 2013, pet. denied).

To the extent plaintiffs based their motion for summary judgment on their request for discovery sanctions, we conclude the judgment cannot be supported on that basis. The trial court's discussion of sanctions in its partial summary judgment order did not specify any facts found by default, and we are unable to identify any such facts by referring to the trial court's order granting plaintiffs' motion to compel. *Cf. Spohn Hosp. v. Mayer*, 104 S.W.3d 878, 881 (Tex. 2003) (reviewing Rule 215.2(b)(3) sanction instructing jury to accept specifically listed facts as established for purposes of the trial). Accordingly, plaintiffs cannot rely on the trial court's determination regarding sanctions to carry their summary judgment burden.

Because plaintiffs did not meet their summary judgment burden to conclusively prove all essential elements of their conversion and breach of fiduciary duty causes of action, we hold the trial court erred when it granted

summary judgment on those claims.

**C. The trial court erred in granting summary judgment on the statutory violation regarding use of a deceptively similar name.**

Defendants next argue that the trial court erred when it granted summary judgment on plaintiffs' statutory violation claim because the statutes cited by plaintiffs do not apply to the Association. We agree with defendants.

Defendants' challenge to the trial court's summary judgment on plaintiffs' statutory violation claim presents a question of statutory construction, which we review de novo. *Texas Dep't of Transp. v. Needham*, 82 S.W.3d 314, 318 (Tex. 2002). Section 5.053 of the Texas Business Organizations Code provides that "a filing entity may not have a name . . . that is the same as, or that the secretary of state determines to be deceptively similar to . . . the name of another existing filing entity. . . ." Tex. Bus. Orgs. Code Ann. § 5.053. Therefore, to be protected by section 5.053, the Association must be a "filing entity" as defined by the statute. The Business Organizations Code defines "filing entity" as "a domestic entity that is a corporation, limited partnership, limited liability company, professional association, cooperative, or real estate investment trust." *Id.* § 1.002(22). It is undisputed that the Association is a group operating under an assumed name certificate and is not a corporation, limited partnership, limited liability company, professional association, cooperative, or real estate investment trust. We conclude, therefore, that the Association is not a filing entity and section 5.053 does not apply. *See id.* § 5.053; *see also id.* § 1.002(57) (defining "nonfiling entity" as a domestic entity that is not a filing entity and includes nonprofit associations).

The result is the same under section 79.39 of the Texas Administrative Code. Section 79.39 provides that "a proposed entity name is deemed to be deceptively similar to an entity name on file" if any of the listed circumstances are

14

present.  *See* Tex. Admin. Code Ann. § 79.39.  Because the Association's name was listed in an assumed name certificate filed with the Harris County Clerk and therefore was not on file with the Texas Secretary of State, we conclude this section does not apply.  Because neither provision cited by plaintiffs applies to the facts before us, we hold the trial court erred when it granted summary judgment on plaintiffs' statutory violation theory.[7]

Having determined that the trial court erred when it granted summary judgment on plaintiffs' conversion, breach of fiduciary duty, and statutory violation causes of action, we sustain defendants' first issue on appeal.  We therefore reverse the trial court's partial summary judgment on these claims and associated damages and remand the claims to the trial court for further proceedings in accordance with this opinion.[8]

## II. The evidence is legally insufficient to support the trial court's determination that defendants committed fraud by nondisclosure.

In their second issue, defendants argue the evidence from the bench trial is legally insufficient to support the trial court's determination that they committed fraud by nondisclosure when Adiuku withdrew $25,600 from Chase Bank.  When a bench trial is conducted and the court does not make findings of fact and conclusions of law to support its ruling, all facts necessary to support the judgment

---

[7] Because we have determined that section 5.053 of the Texas Business Organizations Code and section 79.39 of the Texas Administrative Code do not apply to the facts before us, we need not decide whether these provisions, either singly or collectively, create a private right of action to enforce their limitations on deceptively similar names.

[8] We note that defendants did not file a cross-motion for summary judgment on these claims.  In addition, defendants did not challenge the trial court's partial summary judgment on their affirmative defenses on appeal, and we therefore do not disturb the partial summary judgment regarding those defenses.  *See Navarro v. Grant Thornton, L.L.P.*, 316 S.W.3d 715, 720 (Tex. App.—Houston [14th Dist.] 2010, no pet.).

are implied. *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002); *Zac Smith & Co. v. Otis Elevator Co.*, 734 S.W.2d 662, 666 (Tex. 1987). Because the trial court signed a final judgment in favor of plaintiffs, but did not sign findings of fact and conclusions of law, we review defendants' complaints with the presumption that all findings of fact and conclusions of law were made in favor of appellees. The judgment of the trial court must be affirmed if it can be upheld on any legal theory that finds support in the evidence. *In the Interest of W.E.R.*, 669 S.W.2d 716, 717 (Tex. 1984).

When the appellate record includes the reporter's and clerk's records, implied findings are not conclusive and may be challenged on the basis of legal and factual sufficiency. *BMC Software Belg.*, 83 S.W.3d at 795. We review the trial court's decision for legal sufficiency of the evidence using the same standards applied in reviewing the evidence supporting a jury's finding. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994). We review the evidence in the light most favorable to the challenged finding and indulge every reasonable inference that would support it. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). We credit favorable evidence if a reasonable factfinder could and disregard contrary evidence unless a reasonable factfinder could not. *Id.* at 827.

When a legal sufficiency challenge concerns an issue on which the appellant does not bear the burden of proof, we review it under a "no evidence" standard:

> "No evidence" points must, and may only, be sustained when the record discloses one of the following situations: (a) a complete absence of evidence of a vital fact; (b) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (c) the evidence offered to prove a vital fact is no more than a mere scintilla; (d) the evidence establishes conclusively the opposite of the vital fact.

*Foley v. Capital One Bank, N.A.*, 383 S.W.3d 644, 646–47 (Tex. App.—Houston

16

[14th Dist.] 2012, no pet.) (quoting *City of Keller*, 168 S.W.3d at 810). Evidence does not exceed a scintilla if the trier of fact would have to guess whether a vital fact exists. *Id.* at 647 (citing *City of Keller*, 168 S.W.3d at 813). The final test for legal sufficiency is whether the evidence at trial would enable reasonable and fair minded people to reach the verdict under the review. *Id.* (citing *City of Keller*, 168 S.W.3d at 827). Therefore, we must examine the record in this case to determine whether some evidence exists to support the trial court's determination that defendants committed fraud by nondisclosure.

Plaintiffs base their fraud by nondisclosure claim on the same conduct alleged in their conversion claim: Adiuku's withdrawal of $25,600 from a Chase account. Plaintiffs alleged that the money was withdrawn from the Association's bank account, that Adiuku did not have authorization to make the withdrawal, and that she concealed her intention to withdraw the money. The elements of fraud by nondisclosure are (1) the defendant deliberately failed to disclose material facts to the plaintiff that the defendant had a duty to disclose, (2) the defendant knew the plaintiff was ignorant of the facts and that the plaintiff did not have an equal opportunity to discover them, (3) by failing to disclose the facts, the defendant intended to induce the plaintiff to take some action or refrain from acting, and (4) the plaintiff relied on the nondisclosure and suffered injury as a result of that reliance. *Horizon Shipbuilding, Inc. v. Blyn II Holding, L.L.C.*, 324 S.W.3d 840, 850 (Tex. App.—Houston [14th Dist.] 2010, no pet.).

Fraud is not usually susceptible of direct proof but must be proven by circumstantial evidence. *Southwest Olshan Foundation Repair Co., L.L.C. v. Gonzales*, 345 S.W.3d 431, 440 (Tex. App.—San Antonio 2011, affirmed 400 S.W.3d 52 (Tex. 2013)). While circumstantial evidence may be used to establish any material fact, it must transcend mere suspicion. *Id.* In addition, a vital fact

17

cannot be established by piling inference upon inference. *Id.* at 440–41.

As detailed above, the evidence admitted during the bench trial established that Adiuku resigned as president of the Association prior to the actual casting of ballots during the November 20, 2011 meeting. The admitted evidence also established that a new president was not elected that day because the voting process was disrupted.[9] Adiuku admitted that the day after the November 20 election, she, in the presence of another member of the Association, withdrew $22,000 from the Association's Chase account and withdrew $3,600 more on November 23, 2011. The evidence also establishes that the Association's rules required two persons to be present for money to be withdrawn from the Association's account. Adiuku further admitted during the bench trial that she deposited the money withdrawn from Chase into the bank account of a corporation, Original ADA Mbaise, Inc. Adiuku also testified that it was standard practice for the Association to close its bank account with each election and that the creation of Original ADA Mbaise, Inc. was done at the request of the Association's membership. Finally, there was contrary evidence admitted during the bench trial that Adiuku made the two withdrawals from the Association's account without the Association's approval.[10]

---

[9] The evidence establishes that the earliest a new president and other officers of the Association could have been elected was a week after the November 20, 2011 meeting, when the plaintiffs' faction of the Association called a special meeting to count the ballots.

[10] Ikemenefuna also testified that Adiuku did not inform the members of the Association's executive board that she was going to withdraw the $25,600. The admitted evidence conclusively establishes, however, that, at the time of the two withdrawals, there was no executive board in place as Adiuku's board had resigned during the November 20, 2011 meeting and the successor board was not elected until, at the earliest, a week later when the November 20, 2011 ballots were finally counted.

While there is evidence in the record supporting an implied finding that Adiuku did not disclose her intention to withdraw the majority of the money from the Association's bank account prior to doing so, we conclude there is no evidence supporting an implied finding that Adiuku did not disclose her plan with the intent of preventing plaintiffs from taking some action. First, there is no evidence in the bench trial record as to what that action might have been. A possible action would have been to stop Adiuku from making the withdrawals. To reach that conclusion, however, we would have to infer that someone had that authority. There is no direct evidence on which to base such an inference. *See Entex, a Div. of Noram Energy Corp. v. Gonzalez*, 94 S.W.3d 1, 8 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) (stating that facts from which inferences may be properly drawn must be established by direct evidence, not other inferences).

We further conclude that there is no evidence supporting an implied finding that plaintiffs relied to their detriment on Adiuku's non-disclosure of her plan to withdraw money from the Association's account. A plaintiff asserting that a defendant committed fraud establishes reliance by showing the defendant's failure to disclose a material fact induced her to either act or refrain from acting, to her detriment. *See Worldwide Asset Purchasing. L.L.C. v. Rent-A-Center East, Inc.*, 290 S.W.3d 554, 566 (Tex. App.—Dallas 2009, no pet.). As mentioned above, there is no evidence of actions plaintiffs took or failed to take as a result of Adiuku's nondisclosure of her plan to withdraw money from the Association's account. For these reasons, the evidence is legally insufficient to support the trial court's determination that defendants committed fraud by nondisclosure, and we sustain defendants' second issue on appeal.

**III. Sufficient evidence supports the trial court's implied declaration that Adiuku is no longer president of the Association.**

In their third issue, defendants challenge the legal and factual sufficiency of the evidence supporting the trial court's declaratory judgment. Before reaching the merits of defendants' third issue, we must first determine what declarations the trial court made in its final judgment.

The trial court's judgment determined that plaintiffs had met their burden of proof on their declaratory judgment cause of action and "grant[ed] the claim." The judgment did not include any declarations, however. In this situation, we may examine plaintiffs' amended petition to determine the declaratory relief granted by the trial court's judgment. *See SunTrust Bank v. Flanagan*, No. 14-13-00756-CV, 2014 WL 6998099, *2 (Tex. App.—Houston [14th Dist.] Dec. 11, 2014, no pet.) (mem. op.) (examining plaintiff's original petition to determine the relief awarded by trial court in its final judgment); *see also WesternGeco, L.L.C. v. Input/Output, Inc.*, 246 S.W.3d 776, 779–80 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (examining declarations requested in motion for summary judgment to determine implied declarations made by the trial court when it granted motion).

Having examined the final judgment in conjunction with plaintiffs' amended petition, we conclude the plaintiffs requested and the trial court made a single unambiguous implied declaration: that Adiuku was no longer president of the Association.[11] We review declaratory judgments under the same standards as other

---

[11] While plaintiffs also asked the trial court to declare that Adiuku breached her fiduciary duties when she withdrew money from the Association's bank account, we cannot imply such a declaration because, during the bench trial on declaratory relief, the trial court announced her refusal to revisit the causes of action on which she had previously granted summary judgment. To the extent the final judgment could be construed as containing an implied declaration that Adiuku committed fraud by nondisclosure, we have already determined that the evidence is legally insufficient to support that cause of action. Therefore, the evidence is likewise insufficient to support such an implied declaration. Plaintiffs also asked the court to declare

judgments. Tex. Civ. Prac. & Rem. Code Ann. § 37.010 (West 2008). We look to the procedure used to resolve the issue to determine the standard of review on appeal. *Guthery v. Taylor*, 112 S.W.3d 715, 720 (Tex. App.—Houston [14th Dist.] 2003, no pet.). Here, the trial court determined the declaratory judgment issue after a bench trial. We therefore apply the same legal sufficiency standard of review set forth in Part II above. *See Black v. City of Killeen*, 78 S.W.3d 686, 691 (Tex. App.—Austin 2002, pet. denied).

In reviewing factual sufficiency, we must examine the entire record, considering both the evidence in favor of, and contrary to, the challenged findings. *2900 Smith, Ltd. v. Constellation NewEnergy, Inc.*, 301 S.W.3d 741, 746 (Tex. App.—Houston [14th Dist.] 2009, no pet.). We may set aside the verdict for factual sufficiency only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Id.* We may not pass upon the witnesses' credibility or substitute our judgment for that of the jury, even if the evidence would support a different result. *Id.* If we determine the evidence is factually insufficient, we must detail the evidence relevant to the issue and state in what regard the contrary evidence greatly outweighs the evidence supporting the trial court's judgment; we need not do so when affirming the judgment. *Id.*

Applying these standards, we conclude there is legally and factually evidence—particularly testimony from Ikemefuna and Akuchie—supporting an implied finding that the members of the Association completed the casting of ballots before the November 20, 2011 meeting ended. There is also evidence

whether Adiuku had withdrawn from the Association when she organized Original ADA Mbaise, Inc., but their petition did not request a particular answer to that question, so we cannot imply such an answer from the court's judgment. Nor is there evidence to support a declaration that Adiuku had withdrawn from the Association when she organized the corporation. Finally, plaintiffs did not ask the trial court for a declaration that Ikemenefuna won the November 20, 2011 election, so we cannot imply such a declaration.

supporting an implied finding that Adiuku lost that election once those ballots had been counted. Although the defendants also offered contrary evidence, this factual dispute was for the fact-finder to resolve. Because there is sufficient evidence to support the trial court's implied declaration that Adiuku is no longer the president of the Association, we overrule defendants' third issue on appeal.

## IV. The evidence is insufficient to support the trial court's award of attorney's fees to plaintiffs.

In their final issue on appeal, defendants contend the evidence is legally insufficient to support the trial court's award of attorney's fees to plaintiffs because they offered no evidence at trial of the fees they had incurred. We agree.

Generally, to recover attorney's fees, a prevailing party must (1) prevail on a cause of action for which attorney's fees are available, and (2) recover damages. *Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997). Under the Declaratory Judgments Act, however, an award of attorney's fees is within the trial court's sound discretion and is not dependent on the claimant's success.[12] *Barshop v. Medina Cnty. Underground Water Conservation Dist.*, 925 S.W.2d 618, 637 (Tex. 1996). We review an award of attorney's fees under the Declaratory Judgments Act by determining whether the trial court abused its discretion by awarding fees when there was insufficient evidence that the fees were reasonable and necessary or when the award of fees was inequitable or unjust. *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998). Whether the fees are reasonable and just are questions of fact, and whether they are equitable and just are questions of law. *Id.* A trial court abuses its discretion if it awards attorney's fees when there is no evidence to support the award. *Id.*; *Amaro v. Wilson Cnty.*, 398 S.W.3d 780, 789 (Tex. App.—

---

[12] Plaintiffs' declaratory judgment claim is the only cause of action they alleged that would support an award of attorney's fees.

San Antonio 2011, no pet.).

Here, plaintiffs rested their case during the bench trial without presenting evidence regarding the attorney's fees they incurred. The parties did not stipulate to the amount of plaintiffs' attorney's fees or that the amount of fees incurred was reasonable and necessary. In addition, there is nothing in the record establishing that the parties agreed to submit the issue of fees to the trial court after it had made a decision on the merits of the case. Accordingly, we may not consider the post-trial fee affidavit filed by plaintiffs' attorney.

There is no presumption that a request for attorney's fees under the Declaratory Judgments Act is reasonable. *Gorman v. Gorman*, 966 S.W.2d 858, 867 (Tex. App.—Houston [1st Dist.] 1998, pet. denied) (citing *GeoChem Tech Corp. v. Verseckes*, 929 S.W.2d 85, 93 (Tex. App.—Eastland 1996), *rev'd on other grounds*, 962 S.W.2d 541 (Tex. 1998)). A trial court is also not permitted to take judicial notice of reasonable and necessary fees under the Declaratory Judgments Act. *Id.* Because there is no evidence in the trial record whatsoever about the amount of attorney's fees plaintiffs incurred or that the amount of fees incurred was reasonable and necessary, we sustain defendants' fourth issue.

## Conclusion

Having sustained defendants' first issue on appeal, we reverse the portion of the trial court's partial summary judgment imposing liability and damages for plaintiffs' conversion, breach of fiduciary duty, and statutory violation causes of action, and we remand those claims to the trial court for further proceedings consistent with this opinion. Having sustained defendants' second issue on appeal, we reverse the trial court's judgment awarding plaintiffs $26,500 damages on their fraud by nondisclosure cause of action and render judgment that they take nothing on that claim. Having sustained defendants' fourth issue on appeal, we reverse the

23

trial court's award of attorney's fees to plaintiffs and render judgment that they take nothing on their claim for attorney's fees. Having overruled defendants' third issue on appeal, we affirm the trial court's declaratory judgment that Adiuku is no longer the president of the Association.


/s/    J. Brett Busby
        Justice


Panel consists of Justices Boyce, Busby, and Wise.