**2900 SMITH, LIMITED and Katie Pham, Appellants,**

v.

**CONSTELLATION NEWENERGY, INC., Appellee.**

**No. 14–08–00061–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 5, 2009.

742

Kyle Leslie Courtney, Houston, for appellants.

Kelley E. Abbott, Houston, for appellee.

Panel consists of Chief Justice HEDGES and Justices ANDERSON and SEYMORE.

**SUBSTITUTE OPINION**

JOHN S. ANDERSON, Justice.

Appellants, 2900 Smith Limited ("2900 Smith") and Katie Pham's Motion for Re-

hearing En Banc is overruled, our memorandum opinion of July 21, 2009 is withdrawn, and the following substitute opinion is issued in its place.

Appellants appeal from a judgment entered following a bench trial of a suit on a sworn account. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Prior to July 21, 2005, 2900 Smith had an electricity services contract with Azor Energy, L.P. On or about July 21, 2005, Azor Energy ceased doing business in the State of Texas. As a result, the Electric Reliability Council of Texas ("ERCOT") assigned 2900 Smith to appellee, Constellation NewEnergy, Inc., as the Provider of Last Resort ("POLR"). As the POLR, appellee was authorized to charge appellants a much higher rate for electricity than appellants had been paying to Azor Energy.[1] Because appellee was the POLR, it was required by state regulation to notify appellants not only that appellants' electricity service had been transferred to appellee, but also had to inform appellant of all charges appellant would now be responsible for paying.

A dispute arose over the amount 2900 Smith owed appellee for electricity.[2] Appellants argued appellee had not provided the required notice of the transition and therefore was overcharging 2900 Smith. When efforts to resolve the dispute failed, appellee filed a suit on a sworn account against appellants. In that suit, appellee sought recovery of the amount allegedly owed for electricity appellants received between July 21, 2005 and February 1, 2006, a period of time covering seven billing cycles. Once appellee agreed to reduce the billing rate on the first five billing cycles to the Azor Energy rate, the only remaining dispute at trial was the amount owed for the final two billing cycles: December, 2005 and January, 2006. According to appellee, appellants owed $24,833.40 for those two months of electricity service.[3] Appellants, while not contesting actual receipt of the electricity, denied owing the amount sought by appellee. In support of their argument, appellants asserted they never received appropriate notice of the charges they would be responsible for paying as a result of receiving electricity from appellee.

The trial took place on September 12, 2007 before Judge Jennifer Elrod of the 190th District Court. Vashti Padmore, an employee of appellee, was the first witness to testify. Ms. Padmore testified it was appellee's standard practice to mail a batch notice to all customers assigned to appellee as the POLR, however, she was unable to produce a copy of such a letter sent to 2900 Smith. She also testified that when appellee had not heard any response from 2900 Smith, she initially contacted 2900 Smith with a telephone call on October 13, 2005. According to Ms. Padmore, she spoke to a person named Anna and informed Anna that ERCOT had assigned appellee as 2900 Smith's electricity provider and of the charges 2900 Smith would have to pay. During this conversation, because 2900 Smith revealed they were not aware of their POLR status, Ms. Padmore

---

1. As the POLR, appellee was authorized to charge 125% of the published Price to Beat. 16 Tex. Administrative Code § 25.43(k)(4)(A).

2. The Azor Energy electricity contract was with 2900 Smith. In its original petition, appellee alleged 2900 Smith is a forfeited Texas limited partnership, however there is no evidence in the record establishing that

allegation. In addition, while Katie Pham was not a party to the Azor Energy contract, she was listed as the recipient of electricity

3. According to appellee, 2900 Smith owed $12,900.03 for December, 2005 and $11,933.60 for January, 2006.

agreed to match the rate 2900 Smith had been paying to Azor Energy through the November 2005 billing cycle.

Next, James McGrew, another employee of appellee, testified. In addition to other matters, McGrew testified regarding the regulations controlling POLR pricing. He then testified that the POLR pricing was correctly applied to 2900 Smith's December 2005 and January 2006 bills and that 2900 Smith's total outstanding balance for the seven billing cycles was $33,792.60.[4] During cross-examination, McGrew explained how appellee arrived at the amount due for the December billing cycle. According to McGrew this billing cycle ran from November 30, 2005 through January 3, 2006, a longer than normal billing cycle of 35 days. McGrew also testified that a new, higher, Price to Beat went into effect on December 16, 2005. Therefore, because there were 18 days on the new, higher billing rate, and only 17 at the old rate, appellee billed 2900 Smith at the higher rate for the entire billing cycle. McGrew did not testify as to what the earlier Price to Beat was that was replaced on December 16, 2005.

Following the testimony of appellee's attorney regarding her legal fees, Pham testified she did not receive notice of the switch to appellee until sometime in October 2005. Finally, Pham testified she could not recall if she received notice of the rates appellee would be charging.

After the parties had rested, the trial court instructed appellee to re-bill the December invoice at the lower Azor Energy rate reducing the amount owed by 2900 Smith to $27,885.42. The trial court signed a judgment in that amount on October 15, 2007.[5] On October 22, 2007, appellants filed a Request for Findings of Fact and Conclusions of Law with the trial court. On November 16, 2007, appellants filed a Notice of Past Due Findings of Fact and Conclusions of Law. Appellee filed its own Notice of Past Due Findings of Fact and Conclusions of Law three days later. On October 4, 2007, Judge Elrod was confirmed to the U.S. Court of Appeals for the Fifth Circuit and left the bench of the 190th District Court on a date not disclosed in the appellate record before entering the timely requested Findings of Fact and Conclusions of Law. Appellants then appealed to this court. Among their issues was the complaint that the trial court's failure to enter Findings of Fact and Conclusions of Law hampered their ability to properly present their appeal. We abated the appeal and ordered Judge Kerrigan, the new judge of the 190th District Court, to enter Findings of Fact and Conclusions of Law. The Findings of Fact and Conclusions of Law were filed with this court on June 2, 2009 and we reinstated the appeal.

## DISCUSSION

### A. Is the Trial Court's Judgment Supported By Sufficient Evidence?

Appellants raised three issues in this appeal.[6] In their third issue, appellants

---

4. Appellee arrived at this amount after adjusting the billing rate for the first five billing cycles to the lower Azor Energy rate and crediting a $14,000 partial payment made by 2900 Smith in December, 2005.

5. The trial court also awarded appellee $10,000 in attorney's fees as well as interest and costs of court. Appellants do not chal- lenge the amount of the attorney's fees in this appeal.

6. In their first issue, appellants asserted the trial court erred by failing to file the timely requested findings of fact and conclusions of law. In their second issue, appellants asserted Judge Elrod's successor, Judge Kerrigan, could not issue the requested findings of fact and conclusions of law because she did not

contend the evidence is insufficient to support the judgment. Appellants do not specify whether they challenge the legal sufficiency of the evidence, the factual sufficiency, or both. Liberally construing their brief as we must, we construe appellants' third issue as challenging both the legal and factual sufficiency of the evidence supporting the judgment.

### 1. The Standard of Review

 When both legal and factual sufficiency challenges are raised on appeal, we must first examine the legal sufficiency of the evidence. *City of Houston v. Cotton*, 171 S.W.3d 541, 546 (Tex.App.-Houston [14th Dist.] 2005, pet. denied). In conducting a legal sufficiency review, we must consider the evidence in the light most favorable to the appealed order and indulge every reasonable inference that supports it. *City of Keller v. Wilson*, 168 S.W.3d 802, 821–22 (Tex.2005); *Harris County v. Vernagallo*, 181 S.W.3d 17, 24 (Tex.App.-Houston [14th Dist.] 2005, pet. denied); *Prairie View A & M Univ. v. Brooks*, 180 S.W.3d 694, 705 (Tex.App.-Houston [14th Dist.] 2005, no pet.). The evidence is legally sufficient if it would enable reasonable and fair-minded people to reach the decision under review. *Keller*, 168 S.W.3d at 827–28; *Vernagallo*, 181 S.W.3d at 24; *Brooks*, 180 S.W.3d at 705. This court must credit favorable evidence if a reasonable trier of fact could, and disregard contrary evidence unless a reasonable trier of fact could not. *Keller*, 168 S.W.3d at 827; *Vernagallo*, 181 S.W.3d at 24; *Brooks*, 180 S.W.3d at 705. The trier of fact is the sole judge of the witnesses' credibility and the weight to be given their testimony. *Keller*, 168 S.W.3d at 819; *Vernagallo*, 181 S.W.3d at 24; *Brooks*, 180 S.W.3d at 705.

 This court may sustain a legal sufficiency, or no evidence, point only if

preside over the trial and argued the case must be remanded for a new trial. We previously addressed both of these issues in the order abating this appeal.

Initially, we agreed with appellant on their first issue and abated the appeal and ordered Judge Elrod's successor to enter the requested findings of fact and conclusions of law. *See Cherne Indus., Inc. v. Magallanes*, 763 S.W.2d 768, 772–73 (Tex.1989); *Electronic Power Design, Inc., v. R.A. Hanson Co., Inc.*, 821 S.W.2d 170, 171 (Tex.App.-Houston [14th Dist.] 1991, no writ).

Citing binding precedent from this Court, we also addressed appellants' second issue in the abatement order. In the abatement order we stated:

A judge who succeeds a judge who has resigned subsequent to rendering judgment is authorized to make findings of fact and conclusions of law in the case. *Lykes Bros. S.S. Co., Inc. v. Benben*, 601 S.W.2d 418, 420 (Tex.Civ.App.1980, writ ref'd n.r.e.) (holding that due process did not require findings and conclusions be made by judge who heard evidence and rendered judgment). Rule 18 of the Texas Rules of Civil Procedure allows successor judges to dispose of unresolved matters and enter various orders so long as the successor judge does not render judgment without hearing evidence. *See* Tex.R. Civ. P. 18. *see also Fidelity & Guar. Life Ins. Co. v. Pina*, 165 S.W.3d 416, 421 (Tex.App.-Corpus Christi 2005, no pet.) (noting that rule 18 operates in conjunction with section 30.002 of the remedies code, which allows the successor of a deceased judge to enter findings of fact and conclusions of law for cases pending at the death of his predecessor)

Therefore, we conclude the error in this case is remediable. *See* Tex.R.App. P. 44.4. Accordingly we abate the appeal and direct the trial court to correct the error. *See Zieba v. Martin*, 928 S.W.2d 782, 786 (Tex.App.Houston [14th Dist.] 1996, no writ).

Therefore, in abating the appeal and remanding to the trial court for the entry of findings of fact and conclusions of law, we sustained appellants' first issue and overruled appellants' second issue requesting a new trial. Eventually, the trial court entered the findings of fact and conclusions of law, which brings us to appellants' third issue challenging the sufficiency of the evidence.

the record reveals one of the following: (1) the complete absence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a scintilla; or (4) the evidence established conclusively the opposite of the vital fact. *Keller,* 168 S.W.3d at 810; *Brooks,* 180 S.W.3d at 705. When the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, the evidence is less than a scintilla and, in legal effect, is no evidence. *See Ford Motor Co. v. Ridgway,* 135 S.W.3d 598, 601 (Tex.2004).

■ In reviewing factual sufficiency, we must examine the entire record, considering both the evidence in favor of, and contrary to, the challenged findings. *See Maritime Overseas Corp. v. Ellis,* 971 S.W.2d 402, 406–07 (Tex.1998); *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986). We may set aside the verdict for factual sufficiency only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *See Ellis,* 971 S.W.2d at 407; *Nip v. Checkpoint Systems, Inc.,* 154 S.W.3d 767, 769 (Tex. App.-Houston [14th Dist.] 2004, no pet.). The amount of evidence necessary to affirm a judgment is far less than the amount necessary to reverse a judgment. *GTE Mobilnet of S. Tex. v. Pascouet,* 61 S.W.3d 599, 616 (Tex.App.-Houston [14th Dist.] 2001, pet. denied). We are not a fact finder. *Mar. Overseas Corp. v. Ellis,* 971 S.W.2d 402, 407 (Tex.1998). Accordingly, we may not pass upon the witnesses' credibility or substitute our judgment for that of the jury, even if the evidence would support a different result. *Id.* If we determine the evidence is factually insufficient, we must detail the evidence relevant to the issue and state in what regard the

contrary evidence greatly outweighs the evidence in support of the verdict; we need not do so when affirming a jury's verdict. *Gonzalez v. McAllen Med. Ctr., Inc.,* 195 S.W.3d 680, 681 (Tex.2006) (per curiam).

**2. The Evidence is Legally and Factually Sufficient**

■ Appellants' argument that the evidence is insufficient to support the trial court's judgment begins with the assertion that the only evidence in the record as to a possible date appellants' received notice of appellee's higher POLR charges was the October 13, 2005 telephone call made by Ms. Padmore. Appellants then contend the trial court must not have accepted Ms. Padmore's testimony regarding notice as credible because, in appellants' view, lack of notice of the new rates is the only possible explanation for the trial court's decision to award the lower, Azor Energy rate for the December invoice. Appellants then conclude that since (1) the trial court disbelieved Ms. Padmore's testimony regarding notice of appellee's charges, and (2) there was no other evidence in the record establishing notice to appellants of those charges, then the trial court's judgment should have also lowered the January invoice to the Azor Energy rate as well. We disagree that, under the appropriate standard of review, the evidence is insufficient to support the trial court's judgment.

Here, it was uncontested 2900 Smith received electricity provided by appellee from July 21, 2005 until February 1, 2006. There was undisputed evidence that Ms. Padmore notified appellants that appellee was providing electricity to 2900 Smith as the POLR in an October 13, 2005 telephone call. There was also undisputed evidence appellee agreed to charge 2900 Smith the lower Azor Energy rate through the November 30, 2005 billing cycle. In

addition, there was evidence that, prior to making the December 28, 2005 partial payment, appellants received appellee's billing rates. The evidence also indicated the next full billing cycle following December 28, 2005, the latest date appellants could have received notice of appellee's billing rates, was the final billing cycle from January 3, 2006 through February 1, 2006.

The evidence summarized above, when viewed in a light favorable to the trial court's decision, is legally sufficient evidence to support the trial court's judgment in this case. In addition, after examining all of the evidence, the trial court's judgment is not so contrary to the evidence as to be clearly wrong and unjust. Therefore, the evidence is factually sufficient. We overrule appellants' single remaining issue on appeal.

## CONCLUSION

Having addressed each of appellants issues on appeal, we affirm the trial court's judgment.