**Affirmed and Memorandum Opinion filed October 30, 2018.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-17-00113-CV

---

**SANE LOCKE, Appellant**

**V.**

**BRIARWOOD VILLAGE, Appellee**

---

**On Appeal from the County Civil Court at Law No. 2**
**Harris County, Texas**
**Trial Court Cause No. 1086625**

---

## M E M O R A N D U M     O P I N I O N

Appellant Sané Locke sued Briarwood Village, her former apartment complex, alleging that the complex breached her lease because it could not eliminate a roach infestation. Briarwood Village filed a counterclaim asserting Locke breached her lease by failing to give sufficient notice that she was moving out of her apartment. After a bench trial, the trial court signed a judgment in favor of Briarwood.

Locke raises multiple issues challenging the trial court's judgment, which we liberally construe as a challenge to the legal and factual sufficiency of the evidence

supporting the trial court's determination that she breached the lease but Briarwood Village did not. We overrule this issue because there was evidence that, if believed by the trier of fact, supported the trial court's implied findings that Briarwood Village reasonably addressed Locke's roach infestation complaints and that Locke breached the lease by failing to give proper notice she was moving out of her apartment. We therefore affirm the trial court's judgment.

## BACKGROUND

Locke began renting a Briarwood Village apartment in 2014. She renewed her lease in late 2015, agreeing that she would reside in the complex until January 2017. Briarwood Village agreed in the lease to abide by all laws relating to safety and sanitation and to make all reasonable repairs, subject to Locke's obligation to pay for any damage for which she was responsible.

Locke's lease also provided that if Briarwood Village did not comply with its obligations under the lease, Locke "may possibly terminate" the lease and exercise other remedies provided by the Texas Property Code. To exercise this option, Locke was required to meet certain specified requirements. Locke first had to be current on her rent payments. Second, Locke was required to bring the problem to Briarwood Village's attention through a written notice requesting repair. Third, Locke had to give Briarwood Village a reasonable time to fix the problem after sending the notice. Fourth, if the problem had not been fixed after a reasonable time passed, Locke was required to make a second written request for repair. If the problem had still not been fixed after a second reasonable time period passed, Locke could "immediately terminate" the lease by giving a "final written notice."

According to Locke, she began seeing roaches in her apartment soon after renewing her lease. Locke reported the infestation to the complex management. Araceli Gil, the complex manager, testified that Locke's apartment was treated by

2

exterminators after Locke's initial roach reports in October. Locke continued to report a roach infestation in her apartment, and the complex management continued sending its extermination service to treat the problem. Charles Lyons, the vice-president of Briarwood Village's extermination company, testified during trial. Lyons testified that his company treated Locke's apartment eight times between October 2015 and June 2016. Lyons also testified that his company's personnel never saw any roaches inside Locke's apartment during the eight treatments.

Locke continued to complain to the complex management about roaches in her apartment. As a result of Locke's continuing dissatisfaction with the complex's handling of her reported roach infestation, the apartment management offered Locke the opportunity to terminate her lease "with a 30 day notice to vacate in writing." Gil testified that Locke did not accept or reject the early-termination offer. Locke instead provided notice on June 6, 2016, that she would move out of her apartment on June 13 "due to the ongoing issues with roach/pest infestations."

Briarwood Village sent Locke a final account statement notifying Locke that she owed the complex $872.89.[1] According to Gil, Locke did not pay the charge. Locke instead sued Briarwood Village in justice of the peace court. The complex filed a counterclaim against Locke alleging that she breached the lease. The justice court found in favor of the complex and against Locke. It awarded the complex $391.68 in damages and $1,200 in attorney's fees. Locke appealed for a trial de novo in the county court at law. After a short bench trial, the county court found in favor of Briarwood Village. It awarded the complex $157.19 in damages and attorney's fees of $1,935. Findings of fact and conclusions of law were not requested by either party. This appeal

---

[1] Gil testified that Locke was charged $298.74 to repair damage to her apartment's carpet; $70 to repaint a wall, and $715.70 for "insufficient notice penalty charges" totaling $1,084.44. The complex deducted a rent credit of $211.65 from that total to determine the amount Locke owed.

followed.

ANALYSIS

## I.    Sufficient evidence supports the trial court's judgment.

In multiple issues on appeal, Locke argues the trial court erred when it rejected her claims and found instead in favor of Briarwood Village. Because Locke is pro se, we construe her issues liberally as a challenge to the legal and factual sufficiency of the evidence supporting the trial court's judgment in favor of Briarwood Village and against her own claims. *See Garrett v. Graham*, No. 14-16-00609-CV, 2017 WL 3927499. at *1 (Tex. App.—Houston [14th Dist.] September 7, 2017, no pet.) (mem. op.) ("Because Garrett is pro se, we will liberally construe the issues raised in his brief.").

When a bench trial is conducted and the trial court does not make findings of fact and conclusions of law to support its ruling, all findings necessary to support the judgment are implied. *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002); *Zac Smith & Co. v. Otis Elevator Co.*, 734 S.W.2d 662, 666 (Tex. 1987). Because the trial court signed a final judgment in favor of Briarwood Village, but did not sign findings of fact and conclusions of law, we review Locke's complaint with the presumption that all findings of fact and conclusions of law were made in favor of the apartment complex. The judgment of the trial court must be affirmed if it can be upheld on any legal theory that finds support in the evidence. *In the Interest of W.E.R.*, 669 S.W.2d 716, 717 (Tex. 1984).

When the appellate record includes the reporter's and clerk's records, implied findings are not conclusive and may be challenged on the basis of legal and factual sufficiency. *BMC Software Belg.*, 83 S.W.3d at 795. We review the trial court's decision for legal sufficiency of the evidence using the same standards applied in

4

reviewing the evidence supporting a jury's finding. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994). We review the evidence in the light most favorable to the challenged finding and indulge every reasonable inference that would support it. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). We credit favorable evidence if a reasonable factfinder could and disregard contrary evidence unless a reasonable factfinder could not. *Id.* at 827.

When the appellant challenges the legal sufficiency of an adverse finding on an issue on which she did not have the burden of proof, she must demonstrate on appeal that there is no evidence to support the adverse finding. *Exxon Corp. v. Emerald Oil & Gas Co., L.C.*, 348 S.W.3d 194, 215 (Tex. 2011). A party attacking the legal sufficiency of an adverse finding on an issue on which she had the burden of proof must demonstrate that the evidence conclusively establishes all vital facts in support of the issue. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001).

In reviewing factual sufficiency, we must examine the entire record, considering both the evidence in favor of, and contrary to, the challenged findings. *2900 Smith, Ltd. v. Constellation NewEnergy, Inc.*, 301 S.W.3d 741, 746 (Tex. App.—Houston [14th Dist.] 2009, no pet.). When a party challenges the factual sufficiency of the evidence supporting a finding for which she did not have the burden of proof, we may set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *See In re Estate of Parrimore*, No. 14-14-00820-CV, 2016 WL 750293, at *5 (Tex. App.—Houston [14th Dist.] Feb. 25, 2016, no pet.) (mem. op.). When a party attacks the factual sufficiency of an adverse finding on which she bore the burden of proof, she must establish that the finding is against the great weight and preponderance of the evidence. *Id.* We may not pass upon the witnesses' credibility or substitute our judgment for that of the trier of fact, even if the evidence would support a different result. *2900 Smith, Ltd.*, 301 S.W.3d at 746. If we determine

the evidence is factually insufficient, we must detail the evidence relevant to the issue and state in what regard the contrary evidence greatly outweighs the evidence supporting the trial court's judgment; we need not do so when affirming the judgment. *Id.*

In challenging the sufficiency of the evidence, Locke argues that her apartment was overrun by a roach infestation, which she properly reported, and the apartment complex management failed to remedy the problem within a reasonable time. She also asserts that she paid her rent in a timely manner and gave proper notification that she was terminating her lease. In her view, this evidence establishes that the trial court erred when it determined she breached the lease rather than Briarwood Village.

In making her argument, however, Locke does not view the evidence as required by the legal and factual sufficiency standards of review. Even if we assume for argument's sake that Locke's apartment had a significant roach infestation, the record contains evidence that Briarwood Village promptly addressed the problem and eliminated the infestation. Further, although Locke argues she complied with the terms of the lease and gave proper written notice of termination, there was other evidence in the record, set out above, that she did not. We must presume the trial court, as the trier of fact, resolved these factual disputes against her. The trial court's decision to do so does not render the evidence insufficient. *See In re Estate of Parrimore*, 2016 WL 750293, at *8. We hold the evidence is legally and factually sufficient to support the trial court's implied findings that Locke breached the lease and Briarwood Village did not. We overrule Locke's issue on appeal.[2]

---

[2] Locke also appears to argue that she received ineffective assistance of counsel during the trial of this case. The doctrine of ineffective assistance of counsel does not apply in civil cases unless there is a constitutional or statutory right to counsel. Locke has not cited any authority establishing that she had a right to counsel in this breach-of-contract case. *See Cherqui v. Westheimer St. Festival Corp.*, 116 S.W.3d 337, 343 (Tex. App.—Houston [14th Dist.] 2003, no pet.) ("[I]t is well established

## II. Because Briarwood Village did not file a notice of appeal, we do not consider its request for additional attorney's fees.

In its brief of appellee, Briarwood Village requested that, in addition to affirming the judgment's award of damages against Locke, we award a greater amount of attorney's fees than the amount included in the judgment.[3] In making this request, Briarwood Village seeks to alter the trial court's judgment by obtaining greater relief. Briarwood Village did not, however, file a notice of appeal. Rule 25.1(c) requires a party seeking to alter the trial court's judgment to file a notice of appeal. Tex. R. App. P. 25.1(c). An appellate court may not grant a party who did not file a notice of appeal more favorable relief than the trial court did. *Id.* Because Briarwood Village did not, we cannot consider its request for additional fees. *See Reich & Binstock, L.L.P. v. Scates*, 455 S.W.3d 178, 185 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) ("Although not couched as such, Scates's issue would require us to alter the trial court's judgment because appellate attorney's fees were not awarded in the judgment.").

### CONCLUSION

Having overruled Locke's issue on appeal and rejected Briarwood Village's request for additional attorney's fees, we affirm the trial court's judgment.

/s/     J. Brett Busby
          Justice

Panel consists of Justices Busby, Brown, and Jewell.

---

that the doctrine of ineffective assistance of counsel does not extend to civil cases.").

[3] The judgment awarded Briarwood Village $1,935 in attorney's fees. The trial court did not award any appellate fees. Despite that, Briarwood Village asks this court to increase the award of attorney's fees to $2,820.