**Affirmed and Memorandum Opinion filed March 26, 2019.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-17-00783-CV

---

### ROBERT BURTON, Appellant

### V.

### WAYMAN L. PRINCE, NAFISA YAQOOB, INDEPENDENT MANAGEMENT AND INVESTMENTS, LLC, AND THE LEAWOOD HOMEOWNERS ASSOCIATION, INC., Appellees

**On Appeal from the 80th District Court
Harris County, Texas
Trial Court Cause No. 2015-53221**

## M E M O R A N D U M   O P I N I O N

This is a dispute over a notice of foreclosure sale filed and served on behalf of Leawood Homeowners Association, Inc. (the Association) pertaining to a condominium unit (the Property) purportedly owned by Robert Burton. After a bench trial, the trial court found against Burton on his claim that the notice of foreclosure sale was a fraudulent record filed in violation of Civil Practice &

Remedies Code section 12.002, which creates a private cause of action against a person who makes, presents, or uses "a document or other record with . . . knowledge that the document or other record is a fraudulent court record or a fraudulent lien or claim against real or personal property or an interest in real or personal property."[1] We affirm.

The Association began nonjudicial foreclosure proceedings on the Property after Burton had failed to pay his dues. The Association served Burton with notice of the foreclosure sale and filed the notice in the real property records of Harris County, Texas.

Burton then brought a claim against the Association; the Association's attorney and trustee, Wayman L. Prince; property manager Nafisa Yaqoob; and property management company Independent Management & Investment LLC (collectively, Leawood) for, among other things, filing a fraudulent record under section 12.002. Burton alleged the notice of sale is a fraudulent record because it includes "material representations of fact which Prince knew (or should have known) to be false."

After the trial court rendered a take nothing judgment against Burton, Burton filed a motion to modify the final judgment under Rule of Civil Procedure 329b complaining of the trial court's findings against him on his section 12.002 claim. *See* Tex. R. Civ. P. 329b. Burton asserted that he presented evidence at trial conclusively establishing his entitlement to judgment in his favor on his section 12.002 claim. The motion was overruled by operation of law. *See* Tex. R. Civ. P. 329b(c).

On appeal, Burton did not order a reporter's record of the bench trial. He

---

[1] Tex. Civ. Prac. & Rem. Code § 12.002(a)(1).

filed a letter stating that his appeal was limited to the trial court's denial of his motion to modify the judgment. No record was taken of the oral hearing on the motion.[2]

Burton argues in six issues that the trial court erred in finding against him on his section 12.002 claim and should have awarded him prejudgment interest. Burton relies on evidence presented at trial and in support of his motion to modify the judgment to support his arguments. Construing Burton's appellate brief liberally, we interpret these complaints as legal and factual sufficiency challenges. *See Tello v. Bank One, N.A.*, 218 S.W.3d 109, 122 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (acknowledging that courts of appeals must construe appellate brief reasonably and liberally); *see also Locke v. Briarwood Vill.*, No. 14-17-00113-CV, 2018 WL 5621379, at \*2 (Tex. App.—Houston [14th Dist.] Oct. 30, 2018, no pet.) (mem. op) ("Because [appellant] is pro se, we construe her issues liberally as a challenge to the legal and factual sufficiency of the evidence supporting the trial court's judgment.").

When a trial court does not make findings of fact and conclusions of law to support its ruling after a bench trial, as here, we infer all findings necessary to support the judgment. *See BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002). The judgment of the trial court must be affirmed if it can be upheld on any legal theory that is supported by the evidence. *In re W.E.R.*, 669 S.W.2d 716, 717 (Tex. 1984).

We review the trial court's decision for legal sufficiency of the evidence using the same standards applied in reviewing the evidence supporting a jury's finding. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994). We review the

---

[2] In his reply brief and in a separate motion, Burton moved to strike Leawood's brief and moved for sanctions. This court denied the motion.

evidence in the light most favorable to the challenged finding and indulge every reasonable inference that would support it. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). We credit favorable evidence if a reasonable factfinder could and disregard contrary evidence unless a reasonable factfinder could not. *Id*. at 827. A party attacking the legal sufficiency of an adverse finding on an issue on which he had the burden of proof must demonstrate that the evidence conclusively establishes all vital facts in support of the issue. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001).

In reviewing factual sufficiency, we examine the entire record, considering both the evidence in favor of and contrary to the challenged findings. *2900 Smith, Ltd. v. Constellation NewEnergy, Inc.*, 301 S.W.3d 741, 746 (Tex. App.—Houston [14th Dist.] 2009, no pet.). When a party attacks the factual sufficiency of an adverse finding on which he bore the burden of proof, he must establish that the finding is against the great weight and preponderance of the evidence. *In re Estate of Parrimore*, No. 14-14-00820-CV, 2016 WL 750293, at *5 (Tex. App.—Houston [14th Dist.] Feb. 25, 2016, no pet.) (mem. op.). We may not pass upon the witnesses' credibility or substitute our judgment for that of the factfinder, even if the evidence would support a different result. *2900 Smith*, 301 S.W.3d at 746. If we determine the evidence is factually insufficient, we must detail the evidence relevant to the issue and state in what regard the contrary evidence greatly outweighs the evidence supporting the trial court's judgment; we need not do so when affirming the judgment. *Id*.

To establish that the trial court's finding against Burton was not supported by legally sufficient evidence, Burton was required to establish conclusively that Leawood not only made, presented or used a fraudulent notice of sale but also (1) knew it amounted to a fraudulent claim against real property or an interest in

real property; (2) intended for the fraudulent claim to be given the same legal effect as a document evidencing a valid claim against real property or an interest in real property; and (3) intended to cause financial injury, mental anguish, or emotional distress to Burton.[3] *See* Tex. Civ. Prac. & Rem. Code § 12.002(a); *Lance v. Robinson*, 543 S.W.3d 723, 744 (Tex. 2018); *see also Burton v. Prince*, No. 14-17-00181-CV, 2019 WL 1064868, at \*1 (Tex. App.—Houston [14th Dist.] Mar. 7, 2019, no pet. h.). As to his factual sufficiency challenge, Burton was required to establish that the trial court's finding is against the great weight and preponderance of the evidence. *See Parrimore*, 2016 WL 750293, at \*5.

It was Burton's burden to furnish this court with a record that supports his allegations. *See Maxim Crane Works, L.P. v. Berkel & Co. Contractors, Inc.*, No. 14-15-00614-CV, 2016 WL 4198138, at \*1 (Tex. App.—Houston [14th Dist.] Aug. 9, 2016, pet. denied) (mem. op.); *Appleton v. Appleton*, 76 S.W.3d 78, 87 (Tex. App.—Houston [14th Dist.] 2002, no pet.). Some circumstances obviate the need for a complete record, such as a partial record appeal or the resolution of an issue of law that does not require the review of evidence. *See King's River Trail Ass'n v. Pinehurst Trail Holdings, L.L.C.*, 447 S.W.3d 439, 449–51 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). Neither exception applies in a challenge to the sufficiency of the evidence such as the one presented here.[4] *See Renaud v.*

---

[3] Burton does not allege that Leawood intended to cause him physical injury. *See* Tex. Civ. Prac. & Rem. Code § 12.002(a)(3)(A).

[4] Under Rule of Appellate Procedure 34.6, an appellant may request a partial reporter's record and include a statement of the issues to be presented on appeal and that the appeal will be limited to those issues. Tex. R. App. P. 34.6(c). Here, Burton filed a letter stating his appeal was limited to challenging the trial court's denial of his motion to modify the judgment. But such a letter does not obviate the need to review the entire record on appeal in a sufficiency challenge. *See Kings River Trail Ass'n*, 447 S.W.3d at 450-51 (holding that a reporter's record is required for matters that "require reference to the evidence at trial"); *see also Renaud v. Estate of Brown*, No. 14-17-00019-CV, 2017 WL 6045566, at \*3 (Tex. App.—Houston [14th Dist.] Dec. 7, 2017, no pet.) (mem. op.) (holding complete record was required for factual sufficiency review).

*Estate of Brown*, No. 14-17-00019-CV, 2017 WL 6045566, at *3 (Tex. App.—Houston [14th Dist.] Dec. 7, 2017, no pet.) (mem. op.).

Absent a complete record, we must presume that the omitted portions of the record are relevant to the disposition of the appeal and that they support the trial court's judgment. *Id.* Because our appellate record contains no reporter's record of the bench trial or hearing, we presume that those proceedings support the trial court's judgment. *See King's River Trail Ass'n*, 447 S.W.3d at 451; *see also Renaud*, 2017 WL 6045566, at *3. Here, the trial court stated in its judgment that it found against Burton "after hearing the evidence."

Burton presented the following documentary evidence in support of his motion to modify the judgment: notices of foreclosure sale, an email from Prince indicating the Property needed to be put into foreclosure, emails from Burton to Prince and Yaqoob alleging improper conduct, and an email from Yaqoob to Burton telling Burton she would not provide him any information at that time. Because the motion was overruled by operation of law, we do not know if the trial court considered this evidence.[5] Presuming for argument's sake that the trial court did so and presuming that the omitted portions of the record support the trial court's judgment, the evidence attached to the motion does not conclusively establish that Leawood intended to cause financial injury, mental anguish, or emotional distress to Burton or establish that the trial court's findings are against

---

[5] We generally do not consider evidence that was not before the trial court at the time it rendered judgment. *See, e.g., In re I.M.F.*, No. 14-17-00758-CV, 2018 WL 1165480, at *6 (Tex. App.—Houston [14th Dist.] Mar. 6, 2018, pet. denied) (mem. op.) (holding evidence admitted at hearing on motion for new trial could not be considered on appeal because it was not before the trial court when it rendered judgment); *see also McMahan v. Greenwood*, 108 S.W.3d 467, 482–83 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) (holding evidence attached to appellant's "motion for new trial" was not before trial court when it granted summary judgment, so court of appeals would not consider evidence in appeal from summary judgment). Here, we do not know what evidence was before the trial court when it rendered judgment because we do not have the reporter's record of the trial.

the great weight and preponderance of the evidence. *See Renaud*, 2017 WL 6045566, at *3. We therefore overrule Burton's issues and affirm the judgment of the trial court.

/s/    Frances Bourliot
        Justice

Panel consists of Justices Christopher, Bourliot, and Spain.