

## NUMBER 13-19-00473-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

### IN THE ESTATE OF PEDRO VERA JR., DECEASED

On appeal from the County Court at Law No. 4
of Nueces County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Hinojosa and Perkes
Memorandum Opinion by Justice Perkes**

Appellant Mercedes Sanchez filed an application for probate of a holographic will as muniment of title for Pedro Vera Jr. (decedent). Subsequently, appellee Hector Vera, decedent's brother, filed a "Contest to Application for Probate of Holographic Will as Muniment of Title." The trial court denied appellant's application. By what we construe as

one issue[1], appellant argues the trial court erred in denying her application because the evidence established the submitted holographic will was valid. We affirm.

## I.   BACKGROUND

Decedent passed away on August 11, 2018, in Nueces County, Texas. On October 23, 2018, appellant, a former neighbor to decedent, filed an application for probate of decedent's holographic will. With the application, appellant produced a holographic will purportedly drafted and signed by decedent on November 25, 2010, during Thanksgiving dinner.

Appellee filed a pro se contest to the application, stating, inter alia, that the holographic will contained "unmatching signature [sic]." Appellee attached a formal will that was alleged to have been executed by decedent in 2009. The formal will was not admitted as an exhibit during trial.

At trial, appellant's stepsister, Adelita Delapaz, testified that she witnessed decedent write and sign the holographic will. Delapaz signed the will as a witness. Delapaz's aunt, Thelma Aleman, also testified that she witnessed decedent write and sign the holographic will. Both witnesses testified that decedent verbally expressed his intent to leave his residence to appellant. In addition to Delapaz, Lupe Naranjo and Antonio Martinez, both deceased, signed the will. Delapaz testified that she witnessed both

---

[1] Appellant presents five issues summarized as follows: 1) Was the evidence legally and factually sufficient to support the trial court's finding that the 2010 will did not meet the statutory requirements of a will? 2) Did the evidence conclusively establish that the 2010 will met the statutory requirements of a will? 3) Should the trial court have admitted the 2010 will under the Texas Estates Code after disregarding the portion that was interlineated after decedent signed it? 4) Should the trial court have admitted the will as a holographic will under the Texas Estates Code after disregarding portions that were not in the testator's handwriting? And 5) Was the evidence legally and factually sufficient to support the trial court's findings that the witnesses who testified in support of the 2010 will were beneficiaries to the will and therefore not credible witnesses?

Naranjo and Martinez sign the will. Further, Delapaz testified that she witnessed Martinez write in the legal description of decedent's home after decedent signed the will.

Conversely, appellee testified that the signature on the holographic will was not decedent's.[2] Appellee testified that he had "seen [decedent's signature] a lot of times" and knew his brother's signature. Appellee conceded, however, that he was not at the Thanksgiving party where decedent purportedly signed the will.

At the conclusion of trial, the court found that appellant's witnesses were not credible and denied admission of the holographic will. Specifically, in its findings of facts and conclusions of law, the court found:

> Two witnesses testified. Both witnesses were neighbors of the decedent and beneficiaries of the Holographic Will. The Court did not find this testimony credible. The witnesses who signed the will were deceased. An additional witness, the brother of the decedent testified that the signature on the Holographic Will was not that of his brothers'. [sic]

The court further concluded that "[t]he alleged Holographic Will does not comply with the Texas Estates Code [§] 251.052."

Following trial, appellant filed a "Contest to Probate Will as a Muniment of Title," contesting the validity of the will filed by appellee. Appellee filed a motion to dismiss appellant's contest, citing, in part, the trial court's May 23, 2019 order denying admittance of the holographic will. Appellant thereafter filed "Applicant's Motion to Reconsider and, in the Alternative, Motion for New Trial; Motion to Sever; Request for Findings of Fact and Conclusions of Law; Notice of Appeal; and Motion to Abate Proceedings."

---

[2] It is unclear whether appellee was referring to all four signatures on the purported holographic will or only one.

3

Following a hearing on July 3, 2019, the trial court denied appellant's request for new trial, granted appellant's motion to sever, and dismissed appellant's contest to the 2009 will for lack of standing. This appeal followed.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

In a bench trial, the trial court assumes the role of the jury as the trier of fact. *Yturria v. Kimbro*, 921 S.W.2d 338, 343 (Tex. App.—Corpus Christi–Edinburg 1996, no writ); *see also 2900 Smith, Ltd. v. Constellation NewEnergy, Inc.*, 301 S.W.3d 741, 745 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). A trial court's findings of fact have the same force and effect as an answer to a jury question. *In re A.E.A.*, 406 S.W.3d 404, 414 (Tex. App.—Fort Worth 2013, no pet.) (citing *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994)). "The general rule is that if the trial court's findings of fact are not challenged by a point of error on appeal, they are binding upon the appellate court." *Trammell v. Trammell*, 485 S.W.3d 571, 576 (Tex. App.—Houston [1st Dist.] 2016, no pet.) "When findings of fact are filed by the trial court they shall form the basis of the judgment upon all grounds of recovery and of defense embraced therein." TEX. R. CIV. P. 299. Further,

> [t]he judgment may not be supported upon appeal by a presumed finding upon any ground of recovery or defense, no element of which has been included in the findings of fact; but when one or more elements thereof have been found by the trial court, omitted unrequested elements, when supported by evidence, will be supplied by presumption in support of the judgment. Refusal of the court to make a finding requested shall be reviewable on appeal.

*Id.* If a party determines that findings of fact or conclusions of law are deficient, the party may request specified additional or amended findings or conclusions. *See* TEX. R. CIV. P. 298.

"To prevail on a legal-sufficiency challenge on an issue for which the opposing party had the burden of proof, the complaining party must show that there is no evidence that would enable reasonable and fair-minded people to reach the verdict under review." *Matter of Marriage of Elabd*, 589 S.W.3d 280, 284 (Tex. App.—Waco 2019, no pet.) (citing *Keller*, 168 S.W.3d at 827). "When a party attacks the legal sufficiency of an adverse finding on an issue on which [it] has the burden of proof, [that party] must demonstrate on appeal that the evidence establishes, as a matter of law, all vital facts in support of the issue." *Id*. at 328.

> Such a no-evidence challenge will be sustained only if: (1) there is a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence establishes conclusively the opposite of a vital fact.

*Id.* at 328–29 (citing *Keller*, 168 S.W.3d at 810). "The trier of fact is the sole judge of the witnesses' credibility and the weight to be given their testimony." *2900 Smith, Ltd.*, 301 S.W.3d at 745.

When reviewing a factual-sufficiency challenge to a finding on an issue on which the appellant had the burden of proof, "the appellant must show that the adverse finding is against the great weight and preponderance of the evidence." *Editorial Caballero, S.A. de C.V. v. Playboy Enters., Inc.*, 359 S.W.3d 318, 329 (Tex. App.—Corpus Christi–Edinburg 2012, pet. denied) (citing *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001) (per curiam)). We will review both the evidence supporting and that contrary to the judgment. *Id*. at 229.

We review the trial court's conclusions of law de novo. *Haedge v. Cent. Tex. Cattlemen's Ass'n*, 603 S.W.3d 824, 827 (Tex. 2020); *BMC Software Belgium, N.V. v.*

5

*Marchand*, 83 S.W.3d 789, 794 (Tex. 2002) (citing *Hitzelberger v. Samedan Oil Corp.*, 948 S.W.2d 497, 503 (Tex. App.—Waco 1997, pet. denied)). Legal conclusions cannot be challenged for factual sufficiency; however, we may review the legal conclusions drawn from the facts to determine their correctness. *Marchand*, 83 S.W.3d at 794 (*citing Templeton v. Dreiss*, 961 S.W.2d 645, 656 n.8 (Tex. App.—San Antonio 1998, pet. denied)). "If the reviewing court determines a conclusion of law is erroneous, but the trial court rendered the proper judgment, the erroneous conclusion of law does not require reversal." *Id*. (citing *Scholz v. Heath*, 642 S.W.2d 554, 559 (Tex. App.—Waco 1982, no writ)). Instead, we will uphold the judgment if it can be sustained on any legal theory supported by the evidence. *Pagel v. Whatley*, 82 S.W.3d 571, 575 (Tex. App.—Corpus Christ–Edinburg 2002, pet. denied) (citing *Harlingen Irrigation Dist. Cameron Cty. No. 1 v. Caprock Comm. Corp.*, 49 S.W.3d 520, 530 (Tex. App.—Corpus Christi—Edinburg 2001, pet. denied)).

To be valid, a will must be: (1) in writing; (2) signed by the testator in person;[3] and (3) attested by two or more credible witnesses who are least fourteen years of age and who subscribe their names to the will in their own handwriting in the testator's presence. TEX. EST. CODE ANN. § 251.051. However, "a will written wholly in the testator's handwriting is not required to be attested by subscribing witness." *Id*. § 251.052. Such a will is known as a holographic will. *See Holographic Will*, BLACK'S LAW DICTIONARY (11th ed. 2019). In order to prove execution of a holographic will, if otherwise not self-proved, two witnesses must provide sworn testimony that the will is in testator's handwriting. TEX.

---

[3] Additionally, another person may sign on behalf of the testator if done so under the testator's presence and under the testator's direction. TEX. EST. CODE ANN. § 251.051(2)(B). However, such issue is not before the Court.

6

EST. CODE ANN. § 256.154. Extraneous writing from other sources in a holographic will, such as another person's writing, will not invalidate the will if the portions in the testator's handwriting would stand alone as a will. *See In re Estate of Capps*, 154 S.W.3d 242, 247 (Tex. App.—Texarkana, 2015 no pet.) ("A testamentary instrument, intended by the testator as holographic, will be enforced as such, although it contains words not in the handwriting of the testator, if such other words are not necessary to complete the instrument and do not affect its meaning.").

### III. DISCUSSION

Appellant principally asserts that the holographic will met all the legal requirements for a valid will. Specifically, appellant argues (1) there was sufficient evidence that the holographic will was signed by decedent and attested by two or more credible witnesses, who subscribed their names to the will in their own handwriting in decedent's presence; and (2) the validity of the will was unaffected by any interlineated portions written by an individual other than decedent.

In the present case, the trial court made the following findings regarding witness credibility: (1) appellee's testimony that the signature on the will was not decedent's was credible, and (2) the witnesses who testified to seeing Decedent write and sign the will were not credible. Such findings necessarily imply that the trial court found the signature on the will not to be that of decedent's. Absent decedent's signature, the will did not meet the signatory requirements for a valid will under the code. *See* TEX. EST. CODE ANN. § 251.051; *see also In re Estate of Hutchins*, 829 S.W.2d 295, 299 (Tex. App.—Corpus Christi-Edinburg 1992, writ denied sub nom. *Triestman v. Kilgore*, 838 S.W.2d 547 (Tex. 1992) (per curiam)) ("For a will to be admitted to probate, it must comply with *all* provisions

7

set out in [Texas Estates Code § 251.051] . . . ."); *In re Estate of Romo*, 503 S.W.3d 672, 676 (Tex. App.—El Paso, 2016, no pet.) (same).

We observe that decedent's signature appears four times in the will, and appellee does not specify in his testimony whether all four signatures did not belong to decedent.

> [Counsel].    Okay. Did—you said that's not his signature?
>
> [Appellee].    No, it's not.
>
> [Counsel].    How do you know it's not his signature?
>
> [Appellee].    Because I've seen it a lot of times.
>
> [Counsel].    Okay. And what about this one is different from the other ones?
>
> [Appellee].    Well, can you tell the difference?
>
> [Counsel].    I'm asking you, sir. What about this signature is different from the other ones?
>
> [Appellee].    Because I know.

Neither party identified for the record which signature on the document appellee denied as being decedent's. Appellant urges this Court to presume appellee only sought to denounce one of the four signatures. In arguing so, appellant seeks to impute a finding not expressly made by the trial court[4] and unsupported by the record. However, the trial court may have determined that appellee was referring to each of the four signatures. *See 2900 Smith, Ltd.*, 301 S.W.3d at 745. Further, appellee's testimony addresses a core requirement for a valid will: that it be signed by decedent. *See* TEX. EST. CODE ANN. §§ 251.051-.052.

---

[4] Appellant did not request specified additional or amended findings in support of her position. TEX. R. CIV. P. 298.

Appellant further argues that the testimony by Delapaz and Aleman is "largely uncontradicted and undisputed." Such a claim ignores appellee's testimony that the signature contained on the purported holographic will was not his brother's signature. Appellee's testimony directly contradicts both Delapaz's and Aleman's testimony. Where the court is the sole judge of the credibility of witnesses and the weight to be given to their testimony, we defer to the court's finding. *See 2900 Smith, Ltd.*, 301 S.W.3d at 745. Here, the trial court was free to determine that appellee was credible while appellant's witnesses were not. *See id.*

Appellant additionally takes issue with the trial court's alleged unsupported factual finding that the witnesses were beneficiaries under the will. While we agree that it is clear from the evidence that neither witness was a beneficiary under the purported will, we do not share in appellant's reading of the trial court's findings. The specific language that appellant points to states, "[Delapaz and Aleman] were neighbors of the decedent and beneficiaries of the Holographic Will." This can be interpreted two ways. First, Delapaz and Aleman were neighbors of decedent, and they were beneficiaries under the holographic will. Second, Delapaz and Aleman were neighbors of decedent, and neighbors of the beneficiary.[5] We believe the court intended the second interpretation.

Appellant bore the burden of establishing that the decedent's holographic will met the statutory requirements. Having reviewed the record, we cannot say that the evidence

---

[5] While the findings by the court use the word "beneficiaries," we believe this to be a typographical or grammatical error. No evidence supports a finding that the witnesses were beneficiaries of the holographic will. However, some evidence supports a finding that at least Delapaz was a neighbor of appellant, the sole beneficiary under the holographic will because Delapaz and appellant lived together. Aleman's residence is not discussed in evidence. Ultimately, neither fact being unsupported by the evidence changes the trial court's ultimate finding: that the witnesses' testimony was not credible. *See 2900 Smith, Ltd. v. Constellation NewEnergy, Inc.*, 301 S.W.3d 741, 745 (Tex. App.—Houston [14th Dist.] 2009, no pet.) *(*citing *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005).

is legally or factually insufficient to support the trial court's findings. *See Editorial Caballero*, 259 S.W.3d at 328–29. When findings have been filed by a trial court, the findings "shall form the basis of the judgment upon *all grounds of recovery and of defense embraced therein*." TEX. R. CIV. P. 299 (Emphasis added). The trial court found that appellee's testimony contradicted appellant's witnesses' testimony. We conclude that the evidence does not establish, as a matter of law, all of the vital facts appellant must prove—namely, that decedent signed the holographic will. *See Editorial Caballero*, 259 S.W.3d at 328–29; TEX. EST. CODE ANN. §§ 251.051-.052. Additionally, we do not find that the trial court's judgment was against the great weight and preponderance of the evidence. *See Editorial Caballero*, 259 S.W.3d at 329. Accordingly, we reject the appellant's argument.

We overrule appellant's sole issue.[6]

## IV. CONCLUSION

The judgment of the trial court is affirmed.

GREGORY T. PERKES
Justice

Delivered and filed the
30th day of December, 2020.

---

[6] Having determined that the trial court properly found that the will lacked a valid signature by decedent, we need not address appellant's remaining arguments. *See* TEX. R. APP. P. 47.4; TEX. EST. CODE ANN. §§ 251.051-.052.